Judianne Jaffe (SBN 71333)
Mark L. Share (SBN 149202)
DeCastro, West, Chodorow,
  Glickfeld & Nass, Inc.
10960 Wilshire Blvd., Suite 1400
Los Angeles, Calif. 90024-3381
(310) 478-2541
Fax: (310) 473-0123
E-mail: mshare@dwclaw.com

Alan S. Cooper
Eric T. Fingerhut
Alisa C. Key
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800
Fax: (202) 383-6610

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| TOYOTA JIDOSHA KABUSHIKI KAISHA also doing business as TOYOTA MOTOR CORPORATION<br><br>and<br><br>TOYOTA MOTOR SALES, U.S.A., INC. (a California corporation)<br><br>Plaintiffs<br><br>Vs.<br><br>NATURAL HEALTH TRENDS CORP<br><br>and<br><br>LEXXUS INTERNATIONAL, INC.<br><br>Defendants. | Civil Action No. CV04-9028 DSF(Ex)<br><br>STIPULATION TO ENTER JUDGMENT; ORDER THEREON |

It is hereby stipulated by and between plaintiffs Toyota Jidosha Kabushiki Kaisha and Toyota Motor Sales, U.S.A., Inc., on the one hand,

and defendant Natural Health Trends Corp., on the other hand, that judgment may be entered and that the Court enter the Judgment lodged on August 16, 2005, a copy of which is attached hereto as Exhibit 1.

The grounds for entering the Judgment are as follows:

(1) This civil action for trademark dilution, trademark and service infringement, unfair competition and trade name infringement was filed November 1, 2004. Defendants filed their answer to the First Amended Complaint in a timely manner on February 14, 2004.

(2) Settlement of this matter avoids the need for further litigation. In pertinent part, the Judgment provides that the Defendants will no longer use the allegedly infringing name, each side will bear its own attorneys' fees and costs, and the Court will retain jurisdiction to enforce the terms of the Judgment.

(3) On August 9, 2005, the Court entered an Order to Show Cause re Dismissal, set for August 19, 2005. Because the parties have stipulated to Judgment, endorsed by both parties' attorneys, the parties request that the Order to Show Cause be discharged.

(4)  For the foregoing reasons, the parties believe that good cause exists for entering the Judgment lodged August 16, 2005.

Respectfully submitted,

DATED: August 17, 2005

Alan S. Cooper
Eric T. Fingerhut
Alisa C. Key
Howrey Simon Arnold & White LLP

and

Judianne Jaffe (SBN 71333)
Mark L. Share (SBN 149202)
DE CASTRO, WEST, CHODOROW, GLICKFELD & NASS, INC.

By: /s/ Mark L. Share
Mark L. Share
Attorneys for Plaintiffs

DATED: August __, 2005

Brown Rudnick

and

Garfield Tepper & Raskin
A Partnership of Professional Corporations

By: _____
Scott J. Tepper
Attorneys for Defendants

-3-

(4) For the foregoing reasons, the parties believe that good cause exists for entering the Judgment lodged August 16, 2005.

Respectfully submitted,

DATED: August __, 2005

Alan S. Cooper
Eric T. Fingerhut
Alisa C. Key
Howrey Simon Arnold & White LLP

and

Judianne Jaffe (SBN 71333)
Mark L. Share (SBN 149202)
DE CASTRO, WEST, CHODOROW,
GLICKFELD & NASS, INC.

By: _____
Mark L. Share
Attorneys for Plaintiffs

DATED: August 17, 2005

Brown Rudnick

and

Garfield Tepper & Raskin
A Partnership of Professional Corporations

By: _____
Scott J. Tepper
Attorneys for Defendants

-3-

## ORDER

For the reasons stated in the accompanying Stipulation, the Court will enter the Judgment, a copy of which is attached hereto as Exhibit 1, and the Order to Show Cause set for August 19, 2005 is discharged.

IT IS SO ORDERED.

Dated: 8-18-05

Hon. Dale S. Fischer
United States District Judge

SCANNED

EXHIBIT 1

```
 1  Judianne Jaffe (SBN 71333)
    Mark L. Share (SBN 149202)
 2  DeCastro, West, Chodorow,
      Glickfeld & Nass, Inc.
    10960 Wilshire Blvd., Suite 1400
 3  Los Angeles, Calif. 90024-3381
    (310) 478-2541
 4  Fax: (310) 473-0123

 5  Alan S. Cooper
    Eric T. Fingerhut
 6  Alisa C. Key
    Howrey LLP
 7  1299 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004
 8  (202) 783-0800
    Fax: (202) 383-7195
 9
    Attorneys for Plaintiffs
10
                    IN THE UNITED STATES DISTRICT COURT
11                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
                              LOS ANGELES DIVISION
12
    TOYOTA JIDOSHA KABUSHIKI      )
13  KAISHA also doing business as )
    TOYOTA MOTOR CORPORATION      )
14  (a Japanese Corporation)      )
                                  )
15         and                    )
                                  )
16  TOYOTA MOTOR SALES, U.S.A., INC. )
    (a California corporation)    )
17                                )
                       Plaintiffs )
18                                )
           vs.                    )    Civ. Action No. CV04-9028
19                                )    DSF(Ex)
                                  )
20                                )    FINAL JUDGMENT
    NATURAL HEALTH TRENDS CORP.   )
21  (a Florida corporation)       )
                                  )
22         and                    )
                                  )
23  LEXXUS INTERNATIONAL, INC.    )
    (a Delaware corporation)      )
24                                )
                       Defendants )
25
26
27
28

    DM_US\8203210.v1
```

There being no genuine issues of fact or law in dispute between the parties; all matters in this civil action having been settled; and this action being in condition for entry of Final Judgment, it is

ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

2. Plaintiff Toyota Jidosha Kabushiki Kaisha, also doing business as Toyota Motor Corporation, is the owner of the trade name LEXUS and the marks LEXUS, LEXUS & Design, LEXUS EXTRA CARE and LEXUS CUSTOM TAILORED LEASE for automobiles and structural parts and accessories therefor, and related automobile repair and maintenance services, and is the owner of U.S. Trademark Registration Nos. 1,574,718, 1,675,339, 1,739,201, 1,814,753, 1,834,147, 1,871,549 and 2,016,803 of said marks, among others.

3. Plaintiffs have the exclusive right to use the trade name LEXUS and the marks LEXUS, LEXUS & Design, LEXUS EXTRA CARE and LEXUS CUSTOM TAILORED LEASE in the State of California and in interstate commerce.

4. The marks LEXUS, LEXUS & Design, LEXUS EXTRA CARE and LEXUS CUSTOM TAILORED LEASE and Registration Nos. 1,574,718, 1,675,339, 1,739,201, 1,814,753, 1,834,147, 1,871,549 and 2,016,803, are each valid, subsisting and enforceable as against Defendants.

5. Plaintiffs' mark LEXUS had become famous and entitled to a broad ambit of protection against dilution and infringement prior to the actions of Defendants complained of in this civil action.

6. Defendants' use of the trade name, service mark and domain name

LEXXUS dilute the distinctive qualities of Plaintiffs' famous mark LEXUS and is likely to cause confusion as to the source and/or sponsorship of Defendants' business and the sexual enhancement, cosmetics, personal care products, beverages and nutriceuticals they sell.

7. Effective June 1, 2006, Defendants and each of their respective agents, employees, servants, successors and assigns, and all others in privity or acting in concert therewith, are hereby permanently enjoined from:

(1) Using the name, mark and domain name LEXXUS and/or any other trade name, service mark, trademark, corporate name, slogan, domain name or other commercial identification that includes or is otherwise confusingly similar to LEXUS including, but not limited to, the word LEXIS; and

(2) Otherwise infringing or diluting the distinctiveness of the federally registered marks LEXUS, LEXUS & Design, LEXUS EXTRA CARE and LEXUS CUSTOM TAILORED LEASE;

provided, however, that Defendants shall have until December 1, 2006, to dispose of any remaining inventory of products in their possession, custody or control manufactured or produced prior to June 1, 2006, that are labeled in any way with LEXXUS and/or LEXXUS INTERNATIONAL or any other name and/or mark that includes LEXUS or LEXIS.

8. All claims pleaded by Plaintiffs against Defendants other than the claim for injunctive relief granted by ¶ 7 of this Final Judgment and all claims and counterclaims which Defendants, as a matter of right, could have pleaded against Plaintiffs, or either of them, are hereby dismissed with prejudice with each party to bear its own costs and attorneys' fees.

-3-

9. This Final Judgment shall be binding upon Plaintiffs and Defendants and each of their respective officers, agents, servants, employees, attorneys, and successors and assigns, and upon those persons in active concert or participation with them who receive actual notice thereof by personal service or otherwise.

10. The Court shall retain jurisdiction of this civil action and the parties to resolve any issues arising of any claim of violation of or noncompliance with this Final Judgment and/or the Agreement between the parties in settlement of this civil action.

11. In accordance with § 34 of the Federal Trademark Act, 15 U.S.C. § 1116, the Clerk of the Court shall notify the Commissioner of Patents and Trademarks of the entry of this Final Judgment who shall enter it upon the records of the United States Patent and Trademark Office.

DONE AND ORDERED, at Los Angeles, California, this ___ day of _____, 2005.

_____
United States District Judge

The parties, through their undersigned counsel, hereby consent to the entry of the foregoing Final Judgment and waive any and all rights of appeal.

TOYOTA JIDOSHA KABUSHIKI KAISHA, also doing business as TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR SALES, U.S.A., INC.

Dated: August 16, 2005  By _____
Alan S. Cooper
Eric Fingerhut
Alisa S. Key
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.
Tel. (202) 783-0800
Fax: (202) 383-7315

and

Judianne Jaffe (SBN 71333)
Mark L. Share (SBN 149202)
De Castro, West, Chodorow,
Glickfeld & Nass, Inc.
10960 Wilshire Blvd., Suite 1400
Los Angeles, Calif. 90024-3381
Tel. (310) 478-2541
Fax: (310) 473-0123

Attorneys for Plaintiffs

NATURAL HEALTH TRENDS CORP. and LEXXUS INTERNATIONAL, INC.

Dated:  By: _____
James W. Stoll
Thomas M. Saunders
Brown Rudnick
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200
(617) 856-8201 (fax)

and

The parties, through their undersigned counsel, hereby consent to the entry of the foregoing Final Judgment and waive any and all rights of appeal.

TOYOTA JIDOSHA KABUSHIKI KAISHA, also doing business as TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR SALES, U.S.A., INC.

Dated: By_____
Alan S. Cooper
Eric Fingerhut
Alisa S. Key
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.
Tel. (202) 783-0800
Fax: (202) 383-7315

and

Judianne Jaffe (SBN 71333)
Mark L. Share (SBN 149202)
De Castro, West, Chodorow,
Glickfeld & Nass, Inc.
10960 Wilshire Blvd., Suite 1400
Los Angeles, Calif. 90024-3381
Tel. (310) 478-2541
Fax: (310) 473-0123

Attorneys for Plaintiffs

NATURAL HEALTH TRENDS CORP. and LEXXUS INTERNATIONAL, INC.

Dated: 8/10/05 By: _____
James W. Stoll
Thomas M. Saunders
Brown Rudnick
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200
(617) 856-8201 (fax)

and

Scott J. Tepper (SBN 51693)
Garfield Tepper & Raskin
1801 Century Park East, Suite 2300
Los Angeles, California 90067
Tel. (310) 277-1981
Fax (310) 277-1980

Attorney for Defendants